MEMORANDUM *
Tammy Lynn Sheridan appeals a district court’s order affirming the decision of the Commissioner of the Social Security Administration denying disability benefits. We reverse and remand.
“Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may ‘reject the claimant’s testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.’” Brown-Hunter v. Colvin, 798 F.3d 749, 755 (9th Cir.2015) (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir.2007)). In support of his adverse credibility determination, the ALJ noted four supposed “inconsistencies” in Sheridan’s testimony and the documentary evidence. We do not agree with the supposed ineon- *697 sistencies the ALJ noted. We therefore hold that the ALJ failed to provide clear and convincing reasons for his adverse credibility determination.
1. The ALJ found Sheridan’s reported daily activities inconsistent with her alleged functional limitations. In her questionnaire, Sheridan reported that she could do laundry, prepare meals, take care of her children, shop, clean the yard, handle her banking, entertain visitors, and watch her son race at the track. These activities, the ALJ concluded, were inconsistent with the reported severity of Sheridan’s symptoms. The ALJ failed to note, however, that Sheridan’s questionnaire repeatedly noted that she could perform her daily activities only “if it is a good day,” or depending “on how [she] feel[s] that day.” These omissions in the ALJ’s decision are significant because they resolve the alleged inconsistency. Sheridan testified that her migraine headaches occur approximately twice per week. Sheridan’s questionnaire explains that when the migraines occur,' she has trouble functioning, but on a “good day” she can perform certain household chores. Thus, Sheridan’s testimony is consistent with her questionnaire. Thé supposed inconsistency is therefore not a clear and convincing reason for finding Sheridan not credible.
2. The ALJ concluded that Sheridan had provided inconsisteht reports about whether physical therapy improved her condition. In July 2007, she reported that physical therapy was helpful for her headaches, and in June 2008, she reported that physical therapy made her headaches worse. As these reports are separated by over 11 months, they are not inconsistent. It is entirely possible that physical therapy improved Sheridan’s headaches in July 2007 yet made them worse 11 months later. Thus, this is not a clear and convincing reason for finding Sheridan not entirely credible.
3. The ALJ found Sheridan less than entirely credible because her migraine headaches began in 2003, three years before she stopped working, and Sheridan did not prove that her condition had deteriorated substantially from 2003 until the alleged onset of her disability. We disagree. The record contains adequate evidence that Sheridan’s migraines have become more debilitating over time. Most notably, around the alleged onset date of her disability, Sheridan.visited the emergency room twice for severe migraine headaches. She then began regularly seeing several doctors for the condition, including a migraine headache specialist, who prescribed medications. Despite these treatments, Sheridan revisited the emergency room for a migraine headache in October 2010. Based on this evidence, we find this reason for discrediting Sheridan’s testimony is not clear and convincing.
4. The ALJ noted that Sheridan had provided inconsistent reports regarding the severity of her headaches and her ability to manage them. An October 1, 2010 letter from Dr. Toffol to Dr. Hoag noted that Sheridan’s “migraines with aura have been under good control at least 90% or more improved with oral pharmacotherapy recommended by Dr. Schlichting.” Notably, Dr. Toffol did not say, as the ALJ’s decision implies he said, that Sheridan’s migraine headaches were 90% under control. Rather, Dr. Toffol said that Sheridan’s “migraines with aura have been under good control.” (Emphasis added). Migraines and migraines with aura are not the same condition. Moreover, on October 9, 2010, less than 10 days after Dr. Toffol’s letter, Sheridan was transported by ambulance to the hospital for “syncope and headaches.” The ALJ’s decision does not *698 reference evidence' post-dating this emergency room visit tending to undermine the alleged severity of Sheridan’s headaches. The ALJ therefore did not provide clear and convincing reasons for discrediting Sheridan’s claim that since this hospital visit, she has been unable to manage her migraine headaches.
The ALJ did not provide clear and convincing reasons for his adverse credibility determination as to the reported severity of Sheridan’s headaches. Without an adverse credibility determination, the ALJ’s determination that Sheridan can perform “light work” in spite of her migraine headache impairment is not supported by substantial evidence. We reverse and remand to allow the ALJ to provide a sufficient explanation for the denial of benefits, or to award benefits.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.